HAZARD & CHAPIN v. ILLINOIS CENTRAL RAILROAD CO.

1. COMMON CARRIERS.   *Bill of lading. Evidence. Bona fide holders. Act of March* 16, 1886.

   This statute (Laws 1886, p. 93), provides that bills of lading shall be conclusive evidence in the hands of a *bona fide* holder against the person or corporation issuing the same that the property was actually received for shipment.   This is not a mere rule of evidence, but was designed to change the character and legal effect of the contract.   It does not apply to a bill of lading issued prior to its passage.

2. BILL OF LADING.   *Assignment. Negotiability. Bona fide holder. Act of March* 16, 1886.

   In the absence of a statute to the contrary, a bill of lading is not governed by the law merchant.   Therefore in an action on a bill of lading, issued prior to the aforesaid act of 1886, any defense available to a carrier as against the party to whom it was issued may be set up against an assignee thereof, although the latter be a holder for value without notice.

FROM the circuit court of Clay county.

HON. LOCK E. HOUSTON, Judge.

The declaration of appellants alleged that they were holders for value of a bill of lading for twenty-five bales of cotton, issued December 24, 1884, by the appellee, the Illinois Central Railroad Company to Abert & Perkins, at West Point, Mississippi, the cotton to be transported to Millville, Massachusetts, for the appellants; that through the negligence of the said railroad company four bales of the cotton were lost and not delivered, and that it is liable to them for the value of such cotton.

The bill of lading was in the usual form and was indorsed by the said Abert & Perkins to plaintiffs.

The defendant filed among others a plea that averred that at the

time the said bill of lading was issued none of the cotton therein mentioned had been delivered to defendant, and that the agent of defendant issued said bill of lading without authority, relying in good faith on the assurance of said Abert & Perkins that said cotton would be delivered; that only twenty-one bales of the number for which the bill of lading was issued were ever delivered to defendant, the four bales for which plaintiffs sued, by reason of fraud or mistake on the part of said Abert & Perkins, never having been delivered.

Plaintiffs demurred to this plea, and the demurrer was overruled.

Thereupon plaintiffs filed two replications to the said plea, the first of which set up that they were *bona fide* holders for value of the bill of lading, and at the time of its transfer to them they had no notice of any facts averred in said plea in reference to the non-delivery of the four bales of cotton. The second replication, in addition to the averments contained in the first, alleged that the regular agent of the defendant issued the bill of lading and delivered it to Abert & Perkins, who had before that delivered the twenty-five bales of cotton to W. C. White & Co., lessees of the West Point Compress, and received from them a receipt therefor, which receipt they, Abert & Perkins, delivered to the said agent of defendant who thereupon and in consideration thereof, issued the bill of lading; that in so doing he was acting within the scope of his authority, and following the usual custom of the defendant corporation as a shipper of cotton at that place and at that time.

The demurrer of defendant to the replications was sustained, and plaintiffs declining to further plead, judgment final was entered for the defendant, and plaintiffs appealed.

*Beall & Pope,* for the appellants.

We submit that the act of 1886 will be given full force even as against a bill of lading issued before its enactment, as it only affects the remedy and declares a rule of evidence.

It was perfectly competent for the railroad company to establish the custom of taking the receipts of the compress company and issuing bills therefor. This was its custom as the plea avers, and

defendant dealt with plaintiffs with reference to it.   The cases relied on by counsel for appellee and cited in their brief were cases where the agent acted without the scope of his authority. Here it is alleged that he acted within the scope of his duties and by authority.   Therefore the company assumed the risk of the cotton not being delivered.

*W. P. & J. B. Harris*, for appellee.

The case presents no new question.   A bill of lading is a receipt for goods, and is *prima facie* evidence of the truth of the statements contained in it.   But its recitals are susceptible of explanation and contradiction by parol proof, and it may be shown that the goods were never delivered.   34 Eng. Com. L., 7 Ad. & El., 29 ; 18 How. (U. S.) 182 ; 14 Wall. 579 ; 3 Allen, 103 ; 44 Md. 11 ; 12 La. An. 752.

A bill of lading is not a negotiable instrument in the sense that a promissory note or bill of exchange is, and its transfer does not preclude inquiry into the transaction in which it originated because it has come into the hands of an innocent holder for value.   *Pollard* v. *Vinton*, 105 U. S. 7 ; *St. Louis & Iron Mountain R. R. Co.* v. *Knight*, 122 Ib. 79 ; *Friedlander* v. *Texas, etc., R. R. Co.*, 130 Ib. 416.

The act of 1886 was intended to change the whole nature of the contract, and cuts off all remedy, and therefore cannot have any retroactive force.   The bill of lading was issued before its passage. Cooley Con. Lim. 454 ; 15 Mass. 447 ; 15 La. An. 395 ; 11 Wis. 353; 13 Fla. 417; 44 Ala. 171.   Statutes taking away all remedy are unconstitutional.   4 Gilm. (Ill.) 221 ; 9 Cal. 81.

CAMPBELL, J., delivered the opinion of the court.

The transfer of the bill of lading vested in Hazard & Chapin the right of Abert & Perkins, and this action is determinable just as if the last-named parties were plaintiffs.   A bill of lading, while a muniment of title, is not like a promissory note or bill of exchange under the law merchant, and its transfer for value to an innocent holder does not preclude defense.   Any defense available

against an action by Abert & Perkins was available against their assignee.

The bill of lading did not preclude the defendant from denying the receipt of the twenty-five bales of cotton. It was issued on delivery to the company of a receipt by the compress company for that cotton. That receipt authorized delivery of the cotton to the railroad company for transportation, and that was its entire effect. For convenience, instead of requiring Abert & Perkins to haul and deliver the cotton, the receipt of the compress company was accepted in the faith that the cotton would be delivered. It was not delivered, and it would be most unjust to hold the railroad company liable as if it had been.

The act of the legislature referred to by counsel was passed after the bill of lading was given, and cannot be applied to it, for it is not a mere rule of evidence, but has the design to change the character and legal effect of the contract evidenced by a bill of lading.

*Affirmed.*