### 3463.   ILLINOIS CENTRAL RAILROAD CO. v. DOUGHTY.

Under the Mississippi statute (Code of Mississippi (1906), § 4851), which provides, "Every bill of lading or other instrument in the nature or stead thereof, acknowledging receipt of property for transportation, shall be conclusive evidence in the hands of a bona fide holder for value, whether by assignment, pledge, or otherwise, as against the person or corporation issuing the same, that the property has been so received," where a transportation company has issued a bill of lading for so many bales of cotton, weighing so many pounds, and describes it as being marked with certain letters of the alphabet, and the company tenders to a bona fide holder of the bill of lading the specified number of bales, which in fact weigh less than the weight stated, and are marked with different letters, and the holder of the bill of lading accepts the cotton, but stipulates that he does not accept it in satisfaction of the bill of lading, and sues the carrier, and it appears that the marks on the cotton were immaterial in fixing its value, *held,* that the carrier may show that the cotton tendered by it was the identical cotton received by it, despite the discrepancy in marks; but it is liable for the shortage in weight.

DECIDED JANUARY 15, 1912.

Attachment; from city court of Richmond—Judge W. F. Eve. May 8, 1911.

*Joseph B. & Bryan Cumming,* for plaintiff in error.

*C. H. & R. S. Cohen,* contra.

POWELL, J.  A dealer in cotton at Grenada, Mississippi, caused a compress company to deliver on his behalf to the Illinois Central Railroad Company a lot of cotton for shipment to Savannah, Georgia, and received therefor a bill of lading describing it as 100 bales of cotton weighing 51,990 pounds, marked "Payk." This bill of lading was transferred to the plaintiff, Doughty, who took it as a bona fide holder for value. He demanded the 100 bales of cotton of this weight and marking. The delivering company at Savannah (the Illinois Central Company having undertaken to deliver it through connecting carriers) was unable to find any such cotton, but tendered 100 bales marked "Park," and of some 200 pounds less weight. Under an agreement between the plaintiff and the railroad company, he accepted this cotton "without prejudice," and sold it for the benefit of whom it might concern. He showed that he had bought the cotton as being of a certain grade, though he had no information as to the grade except what the seller represented, and the seller, it appeared, had not actually graded the cotton before shipment. The railroad company undertook to show that the cotton which was delivered to it was marked "Park" and not "Payk," and that the cotton which it received was the identical cotton which it tendered in delivery; indeed, contended that the letters designated as "Payk" in the bill of lading were not the letters "Payk," but were the letters "Park," and that what the plaintiff claimed to be a "y" was in fact an "r"; but as the judge who tried the case without the intervention of a jury found that the bill of lading contained the " y, " that finding is binding on this court. The showing under the defendant's proof, which was first tentatively admitted and then ruled out, was very conclusive that it tendered in delivery the same cotton which it had received. The court ruled out this evidence, on the ground that its admission was forbidden by a statute of the State of Mississippi, where the shipment was made, which is contained in the Mississippi Code, § 4851, as follows: "Every bill of lading or other instrument in the nature or stead thereof, acknowledging receipt of property for transportation, shall be conclusive evidence in the hands of a bona fide holder for value, whether by assignment, pledge, or otherwise, as against the person or corporation issuing the same, that the property has been so received." It was conceded that the marking of the cotton was immaterial except for purposes of identification; that it

neither added to nor detracted from its value in any sense; that it designated neither weight nor grade.

We think that the court erred in ruling out the testimony offered by the defendant. The bill of lading was conclusive upon the company both as to the number of bales and as to the weight, and, so far as these things tended to fix value, bound the company to deliver to the bona fide holder of the bill of lading cotton of that value. The proof which was offered was, therefore, not admissible for the purpose of contradicting the bill of lading in these respects, but was admissible to show the other element, that the cotton which the plaintiff shipped was not of the grade he represented it to be; and this was a material element in fixing the liability of the carrier. The bill of lading made no representation as to the grade of the cotton, and it was essential as a part of the plaintiff's case for him to prove what the grade was. The mere fact that the person who sold to him represented that it was of a certain grade would not supply that element of the case. And even if there had been testimony from him that the cotton which he delivered was in fact of a certain grade, it would, nevertheless, have been permissible for the company to show that it delivered this identical cotton, and that it did not come up to the grade which the plaintiff's testimony had tended to establish. The rejected testimony should have been admitted;·and, under the law as applied to this bill of lading, the carrier should have been held liable for the deficiency in weight, but not liable for the deficiency in grade. We think this is in harmony with the decisions of the Supreme Court of Mississippi, construing the statute of that State. See Yazoo Ry. Co. v. Bent, 94 Miss. 681 (29 L. R. A. (N. S.) 821, 47 So. 805) ; Lloyd v. Kansas City R. Co., 88 Miss. 422 (40 So. 1005) ; Ill. Cen. R. Co. v. Lancashire, 79 Miss. 114 (30 So. 43) ; Hazard v. Ill. C. R. Co., 67 Miss. 32 (7 So. 280).　　　　　*Judgment reversed.*